1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

JOSE ANGEL CRUZ,

12

Plaintiff,

vs.

13

14

SEARS, SEARS' CRAFTSMAN TOOLS, DANAHER TOOL COMPANY, APEX TOOL GROUP, and DOES 1 to 50 inclusive,

15

16

Defendants.

CASE NO. 12-CV-00623-H (BGS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

17

18      On June 5, 2012, Defendants Apex Tool Group ("Apex") and Sears, Robuck and Co.

19 ("Sears") filed a motion to dismiss Plaintiff Jose Angel Cruz's first amended complaint

20 pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 13.)  Plaintiff filed his

21 opposition on July 9, 2012. (Doc. No. 15.)  Defendants filed their reply on July 16, 2012.

22 (Doc. No. 16.)  The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines

23 that these matters are appropriate for resolution without oral argument, submits the motion on

24 the parties' papers, and vacates the hearing scheduled for July 23, 2012.  For the following

25 reasons, the Court the Court denies Defendants' motion to dismiss Plaintiff's causes of action

26 for negligence, strict liability under a design defects theory, strict liability under a

27 manufacturing defects theory, strict liability under a failure to warn theory, and breach of

28

implied warranty.  The Court grants Defendants' motion to dismiss Plaintiff's cause of action for breach of express warranty.

**Background**

On May 15, 2012, Plaintiff filed a first amended complaint against Defendants Sears, Sears' Craftsman Tools, Danaher Tool Company, Apex, and Does 1 to 50, inclusive.  (Doc. No. 12.)  Plaintiff alleges that when he was changing his tires with a Sears craftsman tool, the socket of the tool fractured into two pieces, with one piece striking Plaintiff in the face and causing injury.  (Doc. No. 12.)  Plaintiff alleges causes of action for negligence, strict products liability, and breaches of implied and express warranties.  (Doc. No. 12.)

**Discussion**

**I.      Motion To Dismiss—Legal Standard**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216,  235-36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff.  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th

1    Cir. 1996); see also Twombly, 550 U.S. at 555.

2    **II.**     **Negligence**

3       "The elements of a cause of action for negligence are duty, breach, causation, and

4    damages." Melton v. Boustred, 183 Cal. App. 4th 521, 529 (Cal. Ct. App. 2010). Defendants

5    argue that Plaintiff has failed to sufficiently allege a cause of action for negligence. (Doc. No.

6    12.) Plaintiff alleges that Defendant Danaher Tool Company, later purchased by Defendant

7    Apex Tool Group, designed and manufactured the tool. (Doc. No. 12 ¶¶ 12-13.) Further,

8    Plaintiff alleges that Defendants Danaher Tool Company and Apex sold the wrench to

9    Defendants Sears and Sears' Craftsman Tools, subsequently distributing and selling the tools

10   to the public. (Doc. No. 12 ¶¶ 14-15.) Additionally, Plaintiff alleges that the tool fractured

11   into two pieces during normal use. (Doc. No. 12.) In doing so, Plaintiff pleads that

12   Defendants breached the duty they owed to Plaintiff through the tool's negligent construction.

13   (Doc. No. 12.) The Court concludes that Plaintiff's allegations are sufficient to place

14   Defendants on notice of the claims against them. Therefore, the Court concludes that Plaintiff

15   has sufficiently pleaded a cause of action for negligence and denies Defendants' motion to

16   dismiss Plaintiff's negligence cause of action.

17   **III.**    **Strict Products Liability**

18       "The elements of a strict products liability cause of action are a defect in the

19   manufacture or design of the product or a failure to warn, causation, and injury." Cnty of

20   Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 318 (Cal. Ct. App. 2006). To

21   succeed, a plaintiff must show "(1) the product is placed in the market, (2) there is knowledge

22   that it will be used without inspection for defect, (3) the product proves to be defective, and

23   (4) the defect causes injury." Nelson v. Superior Court, 144 Cal. App. 4th 689 (Cal. Ct. App.

24   2006) (quoting Scott v. Metabolife Int'l, Inc., 115 Cal. App. 4th 404, 415 (Cal. Ct. App.

25   2004)).

26      **A.**     **Design Defect**

27       A product is defective in design if either (1) the product has failed to perform as safely

28   as an ordinary consumer would expect when used in an intended or reasonably foreseeable

manner, or (2) if, in light of relevant factors, the benefits of the challenged design do not outweigh the risk of danger inherent in such design. Barker v. Lull Eng'g Co., 20 Cal. 3d 413, 426-27 (1978); Karlsson v. Ford Motor Co., 140 Cal. App. 4th 1202, 1208 (2006); Soule v. Gen. Motors Corp., 8 Cal. 4th 548, 566-67 (1994).  Plaintiff alleges that the socket wrench's defective nature caused his injuries.  (Doc. No. 14.)  Plaintiff alleges that when using the wrench while changing a tire, a foreseeable use, the wrench snapped in half and hit him in the face.  (Doc. No. 12.)  Plaintiff alleges that the wrench therefore did not perform as safely as an ordinary consumer would expect.  (Doc. No. 12.)  Plaintiff further alleges that the wrench was defective in design, and the defect was a substantial factor in causing Plaintiff's harm. (Doc. No. 12.)  Accordingly, the Court concludes that Plaintiff has sufficiently pled a cause of action for strict liability on a design defects theory.  Defendants have adequate notice of the claims against them.  Therefore, the Court denies Defendants' motion to dismiss Plaintiff's cause of action for strict liability under a design defect theory.

### B.   Manufacturing Defect

"In general, a manufacturing defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." Barker, 20 Cal. 3d. at 429.  Plaintiff provides allegations that the product resulted from a manufacturing defect and therefore strict liability should apply. (Doc. No. 12.)  Plaintiff alleges that a manufacturing defect led to the product's snapping in half during an ordinary, foreseeable use—changing a tire.  (See Doc. No. 12.)  Accordingly, the Court concludes that Plaintiff has provided Defendants notice of the claims against them and the grounds for the claims.  Therefore, the Court denies Defendants' motion to dismiss Plaintiff's strict liability claim under a manufacturing defect theory.

### C.   Failure to Warn

California law provides that a "manufacturer owes a foreseeable user of its product a duty to warn of risks of using the product." Huynh v. Ingersoll-Rand, 16 Cal. App. 4th 825, 833 (Cal. Ct. App. 1993).  Manufacturers are strictly liable for injuries caused by their failure to warn of known or reasonably knowable dangers at the time they manufactured and

1   distributed their product.  <u>Johnson v. Am. Standard, Inc.</u>, 43 Cal. 4th 56, 64 (2008); <u>Carlin v.</u>

2   <u>Superior Court</u>, 13 Cal. 4th 1104, 1108-09 (1996).  Nevertheless, manufacturers are not

3   required to warn "against every conceivable" risk associated with the use of their product, and

4   it is "necessary to weigh the degree of danger involved when determining whether a warning

5   defect exists."  <u>Wright v. Stang Mfg. Co.</u>, 54 Cal. App. 4th 1218, 1230 (Cal. Ct. App. 1997).

6        The Court concludes that Plaintiff's allegations provide Defendants adequate notice of

7   the grounds for a failure to warn claim.  Plaintiff alleges that the socket wrenches lacked

8   warnings, making them unsafe for their intended use.  (Doc. No. 12.)  Specifically, Plaintiff

9   alleges that he did not have adequate notice that the risk of injury could render the product

10  unsafe for ordinary use.  <u>See</u> <u>Johnson</u>, 43 Cal. 4th at 64; <u>Carlin</u>, 13 Cal. 4th at 1108-09.

11  Further, Plaintiff alleges that he was using the product in an ordinary, foreseeable

12  manner—changing a tire.  (Doc. No. 12.)  Therefore, the Court concludes that Plaintiff has

13  sufficiently placed Defendants on notice of the claims against them.  Accordingly, the Court

14  denies Defendants' motion to dismiss Plaintiff's claim for strict products liability on a failure

15  to warn theory.

16  **IV.    Breach of Implied Warranty**

17       Under California Commercial Code section 2314(1), "a warranty that the goods shall

18  be merchantable is implied in a contract for their sale."  The California Commercial Code

19  provides that the goods must be "fit for the ordinary purposes for which such goods are used."

20  Cal. Comm. Code § 2314(2)(c)

21        Plaintiff alleges that, through the sale of the wrench, Defendants impliedly guaranteed

22  that the product was safe when used in the normal course of intended use and that the product

23  did not perform appropriately.  (<u>See</u> Doc. No. 12.)  Further, Plaintiff alleges that he used the

24  wrench while changing a tire, a normal maintenance repair that would be foreseeable to

25  Defendants.  (Doc. No. 12.)   Plaintiff further alleges that the wrench failed to perform as

26  Defendants impliedly promised.  (Doc. No. 12.)  Therefore, the Court concludes that Plaintiff

27  has sufficiently alleged a cause of action for breach of implied warranty.  Accordingly, the

28  Court denies Defendants' motion to dismiss Plaintiff's breach of implied warranty claim.

## V.  Breach of Express Warranty

California Commercial Code section 2313 provides that an express warranty is created by: "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) [a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.  "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986).

Here, Plaintiff has failed to plead any of these required elements sufficiently. (Doc. No. 12.)  Plaintiff alleges that he was injured by a product but does not state the oral and written express warranties that he relies upon for his cause of action. (Doc. No. 12.)  Plaintiff's allegation that Defendants published that their product was safe in various written sources without any further specificity is insufficient.  (See Doc. No. 12.)  Plaintiff does not allege the terms of the written warranty nor does he allege the intended use of the product.  (See Doc. No. 12.)  Accordingly, the Court grants Defendants' motion to dismiss.

///
///
///
///
///
///
///
///
///
///
///

1

## **Conclusion**

2
          For the foregoing reasons, the Court denies Defendants' motion to dismiss Plaintiff's

3
causes of action for negligence, strict liability under a design defects theory, strict liability

4
under a manufacturing defects theory, strict liability under a failure to warn theory, and breach

5
of implied warranty.  The Court grants Defendants' motion to dismiss Plaintiff's cause of

6
action for breach of express warranty without prejudice.  (Doc. No. 13.)  Additionally, the

7
Court orders Defendants to file an answer to Plaintiff's complaint within 30 days of the date

8
of this order.

9
          **IT IS SO ORDERED.**

10
DATED: July 17, 2012

11

12
                                                    _____

13
                                                    MARILYN L. HUFF, District Judge
                                                    UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv00623